# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1416

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Robert George Head, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 13, 2003

Filed: August 21, 2003

_____

Before RILEY, and HEANEY, Circuit Judges, and ERICKSEN,[1] District Judge.

_____

HEANEY, Circuit Judge.

Appellant Robert George Head Jr., pleaded guilty to one count of aggravated assault with a dangerous weapon in violation of 18 U.S.C. §§ 2, 113(a)(3), 1151, and 1153(a). Before sentencing, Head moved to withdraw his plea. The district court denied Head's motion and sentenced him to 100 months imprisonment. On appeal,

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

Head argues that the district court erred when it denied the motion to withdraw his guilty plea.[2] We reverse.

## I. Background

On March 5, 2002, Head was indicted on five counts related to a series of incidents occurring on January 19, 2002. He pleaded not guilty to all of the charges, and a jury trial began on August 12, 2002. On August 14, 2002, Head entered a plea of guilty to one count of assault with a dangerous weapon pursuant to a plea agreement.[3] Approximately three weeks later, on September 4, 2002, he filed a motion to withdraw his guilty plea. No additional proceedings took place between September 4, 2002, and January 29, 2003. On January 29, 2003, the court held a hearing on Head's motion to withdraw his plea. At this hearing, the district court denied his motion to withdraw his guilty plea and sentenced him to 100 months imprisonment.

## II. Discussion

While a trial court's ruling on a motion to withdraw a guilty plea is subject to review for abuse of discretion, United States v. Gamble, 327 F.3d 662, 663 (8th Cir. 2003); United States v. Has No Horses, 261 F.3d 744, 749 (8th Cir. 2001), in this case we find that the district court erred because it had no discretion, under Rule 11(d), to deny Head's motion to withdraw his guilty plea.

In December 2002, Federal Rule of Criminal Procedure 11(d) replaced Rule 32(e) as the section governing plea withdrawals. Rule 32(e) required a defendant to

---

[2]Head makes other arguments on appeal relating to his sentence. Because our decision with regard to his guilty plea is dispositive, we need not address these issues.

[3]The remaining counts were dismissed as a part of this plea agreement.

demonstrate a "fair and just reason" for the withdrawal of a plea, while Rule 11(d) provides:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1) before the court accepts the plea, *for any reason or for no reason*; or
> (2) after the court accepts the plea, but before it imposes sentence if:
>     (A) the court rejects a plea agreement under Rule 11(c)(5); or
>     (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d) (emphasis added). The Supreme Court issued an order on April 29, 2002, adopting the Amendments to the Rules of Criminal Procedure, including Rule 11. Pursuant to this order, the Amendments apply to "insofar as just and practicable, *all* proceedings then pending." Amendments to Fed.R.Crim.P., Order of April 29, 2002 ¶ 2, reprinted in 122 S.Ct.,, Orders at 129 (2002) (emphasis added). Rule 11(d) replaced Rule 32(e) on December 1, 2002, and was effective on January 29, 2003, the date of the hearing on Head's motion to withdraw his guilty plea. Head's case was pending when the Amendments to the Rules of Criminal Procedure became effective, and it is just and practicable to apply amended Rule 11 in this case. Cf. United States v. Baumgardner, 85 F.3d 1305, 1309 (8th Cir. 1996) (stating that changes in the criminal law that benefit a defendant are applied retroactively to cases pending on direct appeal).

Head contends that, under Rule 11(d), he had a right to withdraw his guilty plea when he moved to do so on September 4, 2002, because his plea had not yet been accepted. We agree.[4]

---

[4]The government argues that we may not consider this issue, claiming that it was raised for the first time in Head's reply brief. We decline to read Head's arguments so narrowly; his opening brief makes clear that one of the issues he raises on appeal is whether the district court erred in failing to permit him to withdraw his

Under Rule 11(d), a criminal defendant is allowed to withdraw a guilty plea for any reason (or no reason at all) until the time the trial court accepts the plea. We have independently scrutinized the record in order to determine whether Head's guilty plea was accepted before he moved to withdraw it. He filed his motion to withdraw the guilty plea on September 4, 2002, limiting our review to those proceedings that took place before that date – namely, we look to the transcript of his change of plea hearing on August 14, 2002. After carefully reviewing the transcript, we cannot say that the district court accepted Head's guilty plea at that time.

First, the court does not explicitly do so through the use of words such as "I accept your plea of guilty." Nor do we believe that the district court implicitly accepted the plea. Although the district court does detail the consequences of a guilty plea – giving up rights to further trial proceedings – it also makes clear that the plea is not yet accepted. The district court states:

---

guilty plea. It is true that the discrete argument that Rule 11(d) controlled our decision was not explored in Head's opening brief, but that does not bar us from entertaining the matter. Although we retain the authority to decline consideration of an issue raised for the first time in a reply brief, Parmenter v. Fed. Deposit Ins. Corp., 925 F.2d 1088, 1093 (8th Cir. 1991), we are not precluded from considering the issue, id.; see also Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 313 F.3d 1087, 1092 (8th Cir. 2002); Anheuser-Busch, Inc. v. John Labatt, Ltd., 89 F.3d 1339, 1347 (8th Cir. 1996). When courts have exercised their authority to decline consideration of issues raised in reply briefs, they have typically done so out of concern that the opposing party would be prejudiced by an advocate arguing an issue without an opportunity for the opponent to respond. Compare Holloway v. Brush, 220 F.3d 767, 773-74 (6th Cir. 2000) (granting consideration of an issue initially raised in appellant's reply brief where issue was first argued by appellee), with Southeastern Mich. Gas Co. v. F.E.R.C., 133 F.3d 34, 42 n.3 (D.C. Cir. 1998) (declining consideration of an issue first raised in appellant's reply brief where appellee did not have the opportunity to respond). That is not the case here, where the government devoted four pages of its brief to Rule 11(d).

> [I]f [the plea agreement] is vacated or rejected at the time of sentencing–as I go over this and think about it in the weeks ahead and decide that the agreement is not appropriate, that ten years isn't enough or whatever, *then you would go back to trial on all of the original charges*.

(Change of Plea Tr. at 41 (emphasis added).)  The district court then advised Head that pursuant to the plea agreement, the government "reserve[d] the right to withdraw from this plea agreement if you commit any new offense *before I accept the guilty plea*." (Id. (emphasis added).)  The dissent suggests that the district court actually accepted the guilty plea at this hearing while deferring its decision on whether to accept the plea agreement, but the above statements lead us to a different conclusion. Moreover, the dissent relies heavily on United States v. Hyde, 520 U.S. 670 (1997), but in that case there was no question that the court had accepted the guilty plea.  See id. at 672 ("The court therefore stated it was accepting respondent's guilty plea."), and 676 (noting district court "explicitly announced it accepts the plea").  The issue in Hyde was whether the district court could separately accept a plea of guilty and a plea agreement, and the answer was yes.  Id. at 673-74.  The issue before us is simply whether the district court accepted Head's guilty plea at all.  Guided by the language used by the district court indicating that the plea was not yet accepted, and in the absence of any explicit statement to the contrary, the record reflects that the plea, as opposed to only the plea bargain, was not accepted at the change of plea hearing.  It follows that Head's guilty plea remained unaccepted by the district court when he moved to withdraw it on September 4, 2002, and under Rule 11(d) Head retained an absolute right to withdraw his plea.  The district court's failure to allow him to do so was error.

## III. Conclusion

For the foregoing reasons, we reverse the ruling of the district court and remand for proceedings consistent with this opinion.

ERICKSEN, District Judge, dissenting.

I respectfully dissent. In my view, the district court accepted Robert Head's guilty plea three weeks before Head moved to withdraw the plea. As a result, Head was required to show "a fair and just reason for requesting the withdrawal," Fed. R. Crim. P. 11(d)(2)(B), and the district court did not abuse its discretion in concluding that Head failed to satisfy his burden, United States v. Gamble, 327 F.3d 662, 663 (8th Cir. 2003) (standard of review).

The majority concludes that the district court did not accept Head's guilty plea at the hearing on August 14, 2002, for two reasons. First, it cites a passage in which the district court indicated that it would defer its decision whether to accept the plea agreement between Head and the Government.[5] By relying on this statement, the majority "equate[s] acceptance of the guilty plea with acceptance of the plea agreement, and deferral of the plea agreement with deferral of the guilty plea." United States v. Hyde, 520 U.S. 670, 674 (1997). This approach runs contrary to the text of Rule 11, which indicates that "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." Hyde, 520 U.S. at 674.

---

[5]District courts rarely decide whether to accept a plea agreement without the benefit of a presentence report. See U.S. Sentencing Guidelines Manual § 6B1.1(c) (2002) ("The court shall defer its decision . . . to accept or reject any plea agreement . . . until there has been an opportunity to consider the presentence report, unless [the court finds that] a report is not required.").

Second, the majority notes that the district court did not make an explicit statement of acceptance, such as "I accept your plea of guilty." The requirements for accepting a guilty plea are clear. The court must address the defendant personally in open court, inform him of various rights and the consequences of pleading guilty, determine that he understands those rights and consequences, and determine that the plea is voluntary. See Fed. R. Crim. P. 11(b)(1)-(2); Hyde, 520 U.S. at 674. Once these steps are taken, the court "may, in its discretion, accept a defendant's guilty plea." Hyde, 520 U.S. at 674. It is difficult to imagine a more thorough examination into the requirements for accepting a guilty plea than the one undertaken by the district court in this case. Perhaps because Head's plea would bring an ongoing jury trial to a close, the district court's inquiry was painstaking.

It is true, as the majority observes, that the district court referred to the government's reservation of the right to withdraw from the plea agreement if the defendant committed new crimes before acceptance of the guilty plea. Unlike the majority I do not find the district court's mere recitation of that provision of the plea agreement dispositive. The plea colloquy, as a whole, reveals that the determination of guilt would be final upon the colloquy's conclusion and the jury's discharge. The defendant himself acknowledged the conclusive nature of his plea:

> THE COURT:     All right. You understand that this ends the case with the exception of your sentencing on any issue about whether you're guilty . . . correct?
>
> THE DEFENDANT: Yes.

Near the end of the plea colloquy, the district court reminded the defendant that his plea was definitive:

-7-

THE COURT:        All right, Mr. Head.  This is going to be final when you get off the witness stand, so I want to make sure this is what you want to do under the circumstances.

THE DEFENDANT:  Yes.

THE COURT:        Okay.  And I'm going to ask you one more time and I don't want you to play games with me.

Head swore he was entering a knowing and intelligent plea, and the district court told him several times that his decision would be final upon the jury's discharge.  Head swore that he understood that, and proceeded with his plea.  Short of uttering the magic words, "I accept your plea of guilty," the district court could have done nothing more to make it clear that it was accepting Head's plea.  I recognize that the district court in <u>Hyde</u> may have used similar language.  In my view, though, neither <u>Hyde</u> nor Rule 11 accords talismanic significance to the words "I accept  your plea."

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-