# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 9, 2006         Decided January 5, 2007

No. 05-3166

UNITED STATES OF AMERICA,
APPELLEE

v.

DORIAN R. JONES,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 05cr00040-01)

*William Francis Xavier Becker*, appointed by the court, argued the cause and filed the brief for appellant.

*John P. Mannarino*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *Roy W. McLeese, III*, Assistant U.S. Attorney.

Before: HENDERSON, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

Concurring opinion filed by *Circuit Judge* HENDERSON.

TATEL, *Circuit Judge*: After pleading guilty to being a felon in possession of a firearm, appellant sought to withdraw his plea and proceed to trial. The district court denied the request, finding that because it had previously accepted the plea, appellant could withdraw it under Federal Rule of Criminal Procedure 11(d)(2) only for a "fair and just reason," which he failed to offer. Appellant argues that the district court never accepted his plea, leaving him entitled under Rule 11(d)(1) to withdraw "for any reason or no reason." Concluding that the district court did accept appellant's guilty plea, we affirm.

## I.

In early 2005, a federal grand jury indicted appellant Dorian Jones for possession with intent to distribute cannabis, use of a firearm in furtherance of a drug trafficking offense, and possession of a firearm by a convicted felon. In a written deal with prosecutors, Jones agreed to plead guilty to the third charge—illegal firearm possession—in exchange for the government dropping the other two. The parties also agreed on a sentencing range of 41 to 51 months. Under Federal Rule of Criminal Procedure 11(c)(1)(C), pursuant to which the parties entered the plea agreement, this range would become binding if the district court ultimately accepted the agreement.

The district court conducted a plea hearing in early June, during which it reviewed the factual basis for the plea, explained to Jones the rights he relinquished by pleading, and ensured that his plea was voluntary, knowing, and intelligent. *See* FED. R. CRIM. P. 11(b). The court then explained to Jones that "[i]f you plead guilty today and I ultimately accept your

plea a presentence report will be prepared and I will then consider whether or not to accept the plea agreement." Tr. of June 2, 2005 Hr'g at 31.

Hearing this explanation of the plea process, Jones's attorney asked the court to "accept the agreement today before he pleads guilty or wait for the presentence report and then plead guilty on that." *Id*. at 32. The court rejected this proposal, explaining that "we can't [sic] a presentence report without a guilty plea and I can't accept the plea agreement without a presentence report." *Id*. at 32-33. The court said it would therefore "conditionally accept the guilty plea subject to review of the plea agreement and the presentence report that is prepared." *Id*. at 33. In response, Jones's attorney urged the court to commit to a sentencing range before Jones entered his plea, requesting that the parties "mak[e] a proffer as to what we believe the range is going to be once the presentence report is returned and the court make its decision today." *Id*. at 33-34. Again demurring, the court reiterated its need to see a presentence report before it could pass on the propriety of the agreed-upon range.

To ensure that "we're all comfortable with it," the court described the plea process for a second time. *Id*. at 35. "[T]he way it works," the court explained, "is if you plead guilty today and I accept the plea then the presentence report is prepared, and I will then consider whether or not to accept the plea agreement that goes along with the plea." *Id*. at 36. If it does not accept the plea agreement, the court continued, the defendant "ha[s] the right and will be given the opportunity to withdraw [his] plea and change [his] plea to not guilty." *Id*. at 37.

Having twice heard the court's explanation of the plea process, Jones pleaded guilty. The court then "conditionally

accepted [the plea] subject to review of the plea agreement and the presentence report." *Id*. at 41.

When time came for sentencing, though, Jones changed his mind. Midway through the sentencing hearing, as the district court and attorneys discussed the appropriate guidelines range, Jones, through counsel, asked to withdraw his plea. Addressing the court himself, Jones said he thought the plea would not be considered final until the court accepted the plea agreement.

Following a brief recess, the district court explained that under Federal Rule of Criminal Procedure 11(d)(1), a defendant may withdraw a guilty plea before the court accepts it "for any reason or no reason." Tr. of Aug. 15, 2005 Hr'g at 31. But once the plea is accepted, the court continued, it may be withdrawn only if the defendant demonstrates a "fair and just reason for withdrawal." *Id*. at 32. Unsure whether it had formally accepted the plea at the June hearing, the court ordered the transcript produced.

At a later status conference the court informed the parties that, based on its review of the transcript and the parties' briefs, it believed it had in fact accepted the guilty plea at the June hearing. The court explained that under *United States v. Hyde*, 520 U.S. 670 (1997), a district court may accept a guilty plea and at the same time defer decision on the underlying plea agreement—precisely what it had done by conditionally accepting Jones's plea. Because Jones "ha[d] not offered [a fair and just] reason [for withdrawal]" or "assert[ed his] innocence," and because "significant time ha[d] elapsed since the plea before the withdrawal was raised," the court denied Jones's motion to withdraw the plea. Tr. of Sept. 7, 2005 Hr'g at 5. The district court subsequently

accepted the plea agreement and sentenced Jones to 48 months. Tr. of Sept. 23, 2005 Hr'g at 13.

Jones appeals, arguing that the district court should have granted his motion to withdraw the plea.

**II.**

Federal Rule of Criminal Procedure 11, which sets forth procedures for pleas and plea agreements, describes three instances in which a defendant may withdraw from a previously tendered guilty plea. First, Rule 11(d)(1) provides that "before the court accepts the plea," the defendant may withdraw "for any reason or no reason" at all. Second, if the court has already accepted the plea, Rule 11(d)(2)(B) permits the defendant to withdraw if he "show[s] a fair and just reason for requesting the withdrawal." Third, under Rule 11(d)(2)(A), the court must give the defendant an opportunity to withdraw his plea when the court rejects a plea agreement made pursuant to Rule 11(c)(1)(A) (which allows the agreement to provide that the government will not bring new charges) or—more important for present purposes—Rule 11(c)(1)(C) (which, as noted, permits the prosecution and defense to agree on a particular sentence or sentencing range).

Construing an earlier version of the Federal Rules of Criminal Procedure, the Supreme Court in *Hyde* clarified that guilty pleas exist independently from plea agreements on which they rest, explaining that "the Rules nowhere state that the guilty plea and the plea agreement must be treated identically." 520 U.S. at 677. As a result, the Court ruled, a district court may accept a guilty plea without simultaneously accepting the underlying plea agreement. Read in conjunction with the current Rules, which were clarified to reflect *Hyde*'s holding, *see* FED. R. CRIM. P. 11 advisory committee's note

(2002 amendments), the decision establishes that when a district court accepts a guilty plea but defers decision on the plea agreement, the defendant may withdraw only for "a fair and just reason," except that if the court rejects the plea agreement (and the agreement was made pursuant to Rule 11(c)(1)(A) or 11(c)(1)(C)), the defendant may again withdraw as of right.

Although Jones's brief is far from clear, we discern two primary arguments. First, he contends that because the district court accepted the guilty plea only "conditionally," it did not accept it for purposes of Rule 11(d)(1). In support of this claim, Jones cites several portions of the transcript where the district court referred to the acceptance as conditional. For example, at one point the district court said that "[w]hat I do is conditionally accept the guilty plea subject to review of the plea agreement and the presentence report that is prepared." Tr. of June 2, 2005 Hr'g at 33. But this does not help Jones. The acceptance was "conditional" only in that under Rule 11(d)(2)(A) the court had to give Jones an opportunity to withdraw the plea if it ultimately rejected the plea agreement. As the government correctly points out, *Hyde* ensures that such conditions subsequent do not nullify otherwise valid acceptances. 520 U.S. at 679-80.

Second, Jones argues that the district court never actually accepted the plea, factually distinguishing this case from *Hyde*. In support, Jones alleges that the district court "repeatedly acknowledged the unencumbered ability (or right) of the defendant to withdraw the guilty plea up until the time of its acceptance and the commitment by the Court to be bound to all of its terms." Appellant's Br. 13.

Until now, we have had no occasion to say what standard of review applies to a district court's determination of whether

it accepted a plea. The government urges us to review for abuse of discretion, citing *United States v. West*, 392 F.3d 450 (D.C. Cir. 2004), for the proposition that "[t]his Court 'review[s] refusals of motions to withdraw [guilty pleas] for abuse of discretion.'" Appellee's Br. 9 (quoting *West*, 392 F.3d at 455).

The government's reliance on *West* is misplaced. Unlike Jones, West never argued that his plea had not been accepted; rather, he contended that he had offered a fair and just reason for withdrawing his plea after acceptance. *West*, 392 F.3d at 455-57. Reviewing only for abuse of discretion, we recognized that determining the fairness and justness of a defendant's reason is entrusted to the discretion of the district court. Under Rule 11(d)(1), however, the district court has no discretion to deny a pre-acceptance withdrawal of a guilty plea. The rule states that the defendant may withdraw "for any reason or no reason." *See United States v. Head*, 340 F.3d 628, 629 (8th Cir. 2003) ("[W]e find that the district court had no discretion, under Rule 11(d), to deny Head's motion to withdraw his guilty plea."). The abuse of discretion standard, moreover, makes little sense given that we are reviewing the district court's interpretation of its own words. Under these circumstances, our review is de novo. The only facts relevant to our decision, i.e., the words spoken at the plea hearing, appear in the transcript, leaving for us the evaluation of their legal consequences.

The district court itself acknowledged that it "may have used language too loosely" at the plea hearing. Tr. of Aug. 15, 2005 Hr'g at 34. Indeed, immediately following the plea, the court said it would "defer [its] decision on whether to accept the plea agreement and . . . therefore the guilty plea set out in the plea agreement." Tr. of June 2, 2005 Hr'g at 40. Read in isolation, this language suggests that the court may

have deferred decision on the plea itself. Read in its entirety, however, the transcript demonstrates the district court not only accepted the plea, but also made clear to Jones he could withdraw his plea only if the court rejected the plea agreement. As described above, before taking the plea the court twice explained that it could order a presentence report—and thus pass judgment on the plea agreement—only if Jones first pleaded guilty and the court accepted that plea. Even more to the point, Jones's attorney twice asked the court to accept the plea agreement contemporaneously with the plea itself. On both occasions, the court declined, citing its need for a presentence report. And then, after Jones entered the plea, the court announced that "the plea of guilty is conditionally *accepted* subject to review of the plea agreement and the presentence report, and *I find you guilty*." *Id*. at 41 (emphasis added). Given this, Jones had no reasonable basis for thinking the court had not accepted his plea. Moreover, contrary to Jones's allegation, the district court never intimated that the defendant had an "unencumbered ability" to withdraw from the plea. Indeed, the court repeatedly explained that after pleading, Jones could withdraw his plea only if the court rejected the plea agreement.

Under these circumstances, Jones could have withdrawn his plea only by offering a "fair and just reason." FED. R. CRIM. P. 11(d)(2)(B). Although Jones told the district court he had a qualifying reason for withdrawing his plea, a reason the district court rejected, he makes no such argument on appeal. We thus affirm the district court's denial of the motion to withdraw.

*So ordered.*

KAREN LeCRAFT HENDERSON, *Circuit Judge*, concurring:

The majority is correct that "[u]ntil now we have had no occasion to say what standard of review applies to a district court's determination of whether it accepted a plea." Maj. op. 6-7. Nor have we occasion now. Whether we review the court's decision here *de novo*, as the majority proposes, or for abuse of discretion, as we have reviewed withdrawal denials in the past, *see United States v. West*, 392 F.3d 450, 455 (D.C. Cir. 2004) ("We review refusals of motions to withdraw for abuse of discretion."), we reach the same result because the district court's determination that "the Court did accept the defendant's guilty plea" at the June hearing, 9/7/05 Hearing Tr. 4, is neither incorrect as a matter of law nor an abuse of discretion. Thus, we have no need to choose between the two standards to decide the case before us. Further, whether or not we should review *de novo* the district court's legal disposition of a motion to withdraw under Rule 11(d)(1) (rather than for abuse of discretion as for a withdrawal determination under Rule 11(d)(2)), I disagree with the majority's suggestion that our review of the judge's *factual* findings is somehow less deferential because we are "reviewing the district court's interpretation of its own words" as memorialized in a verbatim transcript. *See* maj. op. 7. We routinely review transcripts of judicial hearings and, in this case, the trial judge's finding was based on his interpretation of the entire transcript of the Rule 11 colloquy, including not only his own words but, significantly, also those of defense counsel who, as the majority notes, "twice asked the court to accept the plea agreement contemporaneously with the plea itself." *Id*. 8.