GREGORY, Circuit Judge,
dissenting:
On February 16, 2005, Terrance L. Battle pleaded guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). After making the necessary investigation and concluding that there was a factual and legal basis for the *327 guilty plea, the district court said to Battle, “Your plea of guilty is provisionally accepted pending receipt of the presen-tence investigation, and the court will defer final acceptance of the plea agreement and the adjudication of guilt until we’ve all had an opportunity to review that report.” J.A. 205. One week after the hearing, the court issued an order saying it had conditionally accepted Battle’s guilty plea but that “the guilty plea will not be accepted or rejected by the court until a presen-tence report is available for the court’s consideration.” J.A. 216.
Despite this evidence that the district court did not accept Battle’s guilty plea at the hearing in question, the majority treats the district court’s provisional acceptance as a final one. I cannot agree with this conclusion. The district court did not accept Battle’s guilty plea until the sentencing hearing, by which time Battle had already asked that the plea be withdrawn. According to Rule 11(d) of the Federal Rules of Criminal Procedure, the district court was required to permit Battle to withdraw his plea. Because the majority does not remand Battle’s case with an order that the district court do so, I respectfully dissent.
Rule 11(d)(1) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a guilty plea “before the court accepts the plea, for any reason or no reason.” The language of the Rule is not discretionary; if a defendant wishes to withdraw his guilty plea before the district court has accepted it, the court must allow him to withdraw it. See, e.g., United States v. Head, 340 F.3d 628, 631 (8th Cir.2003) (“Head’s guilty plea remained unaccepted by the district court when he moved to withdraw it on September 4, 2002, and under Rule 11(d) Head retained an absolute right to withdraw his plea.”). The crucial issue in this case is when, precisely, the district court accepted Battle’s plea.
After discussing the Eighth Circuit’s ruling in United States v. Head, and the District of Columbia Circuit’s ruling in United States v. Jones, 472 F.3d 905 (D.C.Cir.2007), the majority concludes that the district court accepted Battle’s plea at the February 16 hearing. The majority begins its analysis by stating that placing “emphasis on the district court’s use of the qualifier provisionally would ignore the inherently conditional nature of guilty pleas under Rule 11.” Ante at 321. Yet precisely because “[n]o guilty plea is absolutely final until a sentence has been imposed,” ante at 321, the “provisional” nature of all pleas is implied and Rule 11 inherently incorporates this concept. See, e.g., United States v. Hyde, 520 U.S. 670, 679-80, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997) (“When the ‘fair and just reason’ standard was added in 1983, the Rules already provided that the district court could defer decision on whether to accept the plea agreement, that it could then reject the agreement, and that the defendant would then be able to withdraw his guilty plea. Guilty pleas made pursuant to plea agreements were thus already subject to this sort of condition subsequent.”); Advisory Committee Notes on the 1983 Amendment to Fed.R.Crim.P. 32 (“Given the great care with which pleas are taken under this revised Rule 11, there is no reason to view pleas so taken as merely ‘tentative,’ subject to withdrawal before sentence whenever the government cannot establish prejudice.”). Thus, if the district court’s description of Battle’s plea as “provisionally accepted” and “conditionally accepted” had any meaning, those descriptions must have meant that the plea was not simply contingent on the normal Rule 11 conditions, such as the defendant’s right to withdraw the plea if the plea agreement is ultimately rejected.
*328 If the district court’s description of a plea as provisionally accepted were simply a stray remark during the Rule 11 colloquy, then this Court would be remiss in ignoring the clear intent of the district court to accept the defendant’s plea. In this cage, however, there is ample evidence supporting the conclusion that the district court, although it could have accepted Battle’s plea at the Rule 11 hearing, did not, in fact, accept the plea at that time. In addition to describing Battle’s plea as having been “provisionally” and “conditionally” accepted, the district court’s order stated “that the guilty plea will not be accepted or rejected by the court until a pre-sentence report is available for the court’s consideration.” (J.A. 216) Compare United States v. Shaker, 279 F.3d 494, 496 (7th Cir.2002) (holding that district court had deferred acceptance of plea where it stated “I am deferring my decision on acceptance or rejection of your plea of guilty and your Plea Agreement until after I’ve had an opportunity to study the Presentence Report”), with Petsche v. Tafoya, 146 Fed.Appx. 306, 314 (10th Cir.2005) (holding that district court accepted plea, despite not expressly declaring such, where there were no conditional or tentative statements and “court did not say that it wanted to review the presentence report before, formally accepting [the] plea”). Furthermore, the district court explicitly chose to defer Battle’s adjudication of guilt until receipt of the presentence report. Thus, rather than isolated remarks terming the plea, “provisional,” the district court repeatedly expressed' the view that it was deferring acceptance of Battle’s plea.
The actions of the district court are distinguishable from those of the district court in Jones. First, in Jones, the only evidence that the district court had deferred acceptance of the defendant’s guilty plea were two isolated remarks, one of which referred to a “conditional[ ]” acceptance of the guilty plea. 472 F.3d at 909. Unlike in the instant case, however, the balance of the district court’s remarks in Jones made clear that the court was accepting the plea. See id. Most notably, the district court explicitly stated that it found the defendant guilty. Id. By contrast, in this case, the district court specifically noted that it was deferring any adjudication of guilt.
The instant case is much closer to the situation in Head, where the Eighth Circuit held that the district court had deferred acceptance of the defendant’s guilty plea. The district court in Head, as in the instant case, never explicitly accepted the plea through “the use of words such as T accept your plea guilty.’ ” See 340 F.3d at 630-31. In this case, the district court did not state that it found Battle “guilty” until the sentencing hearing. See J.A. 273. As in this case, the lack of any adjudication of guilt or express statements from the district court regarding that the court had, in fact, accepted the defendant’s plea, led the Eighth Circuit to conclude that the district court had not accepted the plea. See 340 F.3d at 630-31.
The majority is correct that Rule 11 is silent as to how a district court signals its acceptance of a guilty plea. In this case, rather than requiring resort to any “magic words,” the available evidence indicates that the district court intended to defer acceptance of the plea until the court reviewed the presentence report. The instant case is not one of silence, where the district court conducted the Rule 11 colloquy but merely neglected to ever utter a phrase accepting the defendant’s plea. Rather, the district court repeatedly described the plea as “provisional” or “conditional,” stated its intent to not accept or reject the plea until review of the presen-tence report, and deferred adjudication of the defendant’s guilt. See Shaker, 279 *329 F.3d at 497 (noting that to construe deferral as acceptance would “ignore the district court’s clear expression of intent to defer acceptance”). Accordingly, I believe that all of the evidence leads to but one conclusion: the district court did not accept Battle’s plea on February 16th.
For the foregoing reasons I believe Battle had the absolute right to withdraw his guilty plea at the sentencing hearing and thus I respectfully dissent from the majority’s conclusion.