[Cite as *State v. Gates*, 2022-Ohio-1666.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110616 |
| v. | : | |
| MARK GATES, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
PART, AND REMANDED
**RELEASED AND JOURNALIZED:** May 19, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652009-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Jamielle Lamson-Buscho, Assistant
Prosecuting Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet and Eric M. Levy, *for
appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant, Mark Gates ("Gates"), appeals his convictions, assigning the
following errors for review:

## Assignment of Error No. 1

The trial court erred and abused its discretion when it only applied credit for jail time served to the misdemeanor conviction and not the concurrent felonies.

## Assignment of Error No. 2

The trial court erred when it imposed a sentence upon appellant for count two, felonious assault, without accepting a plea of guilty.

## Assignment of Error No. 3

Appellant's indefinite sentence imposed under the Regan [sic] Tokes sentencing scheme violates appellant rights under the United States constitution applied to the state of Ohio through the Fourteenth Amendment and the Ohio Constitution as it denies appellant due process of law; violates the Sixth Amendment right to a jury trial; violates the Separation of Powers Doctrine; does not provide fair warning of the dictates of the statute to ordinary citizens; and the statute conferred to [sic] much authority to the Ohio Department of Rehabilitation and Correction ("ODRC").

## Assignment of Error No. 4

Appellant's sentence is contrary to law where the trail [sic] court failed to comply with the required notices contained in R.C. 2929.19(B)(2)(c) when imposing sentence.

{¶ 2} For the reasons that follow, we affirm in part, reverse in part, and remand for a calculation of jail-time credit and for resentencing on Count 2 so that the court may give a proper advisement pursuant to R.C. 2929.19(B)(2)(c).

## I. Factual and Procedural History

{¶ 3} Gates entered guilty pleas to resolve his criminal case so the factual basis for the convictions in the record is sparse.[1] However, at a hearing evidenced in the transcript, Michelle Haas ("Haas") testified that she dated Gates for about 15 months. (Tr. 12.) They were no longer seeing each other in early July 2020. On July 19, 2020, at approximately 1:30 a.m., an incident occurred at the residence of John Hilde ("Hilde"), a person with whom Haas shares a child. (Tr. 82.) The altercation resulted in the hospitalization of Hilde with significant injuries.

{¶ 4} On August 11, 2020, a three-count indictment was filed charging Gates with aggravated burglary, a first-degree felony violation of R.C. 2911.11(A)(1); felonious assault, a second-degree felony violation of R.C. 2903.11(A)(1); and domestic violence, a first-degree misdemeanor violation of R.C. 2919.25(A). The case proceeded through several pretrials, discovery, and delays caused by the COVID-19 Pandemic. On May 12, 2021, the trial court held a change of plea hearing using video conferencing technology, to which no one objected. As part of a negotiated plea agreement, the state amended Count 1 from aggravated burglary to burglary, a fourth-degree felony violation of R.C. 2911.12(B). Gates entered guilty pleas to amended Count 1 and the other two counts as charged in the indictment.

---

[1] The state attached a copy of a police report to its appellate brief submitted in this case and then cited to it in the statement of the facts contained in the brief. This is not a proper means to supplement the record on appeal and a court cannot consider materials attached to a brief that do not appear in the appellate record. *Trabuco Homes, L.L.C., v. Brewer*, 8th Dist. Cuyahoga No. 109595, 2021-Ohio-1964, ¶ 13.

Count 2, a second-degree felony, constituted a qualifying offense for an indefinite sentence under the Reagan Tokes Sentencing Law.

{¶ 5} A sentencing hearing commenced on June 23, 2021. After hearing from the state, Hilde, Gates and Gates' attorney, the court imposed an 18-month sentence on Count 1, a minimum sentence of 4 years on Count 2, and time served on Count 3. The court informed Gates that the indefinite sentence imposed on Count 2 had a maximum sentence of six years with a rebuttable presumption of release after four years. Gates objected to the imposition of an indefinite sentence. This timely appeal followed.

## II. Law and Analysis

### A. Jail-time Credit

{¶ 6} Gates argues, and the state concedes, that the trial court erred in applying credit for pretrial confinement to his misdemeanor conviction but not his felony convictions. Gates was sentenced to time served for his misdemeanor sentence. The transcript and journal entry of sentence are otherwise silent on the trial court's calculation of jail-time credit. At one point during the sentencing hearing, the trial court indicated that "Count 1 and Count 2 will run concurrent to one another." (Tr. 89.) The journal entry of sentence states the same. However, this does not mean that Count 3 must be served consecutive to these counts. Gates's argument in his brief focuses on the assertion that the trial court's sentence on the misdemeanor constitutes a consecutive sentence. However, concurrent sentences are the default. *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d

164, ¶ 21. Unless an exception applies, a failure to state that sentences are to be served consecutive to each other generally means that they are presumed concurrent. *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459, ¶ 17.

{¶ 7} Gates has not pointed to anything in the record that supports the proposition that sentences were imposed consecutively or that the trial court misapplied jail-time credit. This is because nowhere in the record does the trial court actually calculate and apply jail-time credit.[2] This alone constitutes error.

{¶ 8} Pursuant to R.C. 2929.19(B)(2)(g)(i), "[i]t is the duty of the trial judge to determine the amount of jail-time credit to which a prisoner is entitled." *State v. Williams*, 8th Dist. Cuyahoga No. 105903, 2018-Ohio-1297, ¶ 14, citing *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. This information must be present in the sentencing entry so the ODRC can properly apply credit to any prison sentence. *Id.* *See also* R.C. 2929.19(B)(2)(g)(i), 2949.12, and 2967.191. The failure to do so constitutes plain error. *Id.* at ¶ 15. This may be corrected by filing a motion with the trial court or on direct appeal. *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 23; R.C. 2929.19(B)(2)(g)(iii). A jail sentence of "time served" does not obviate a trial court's duty to calculate jail-time credit where prison sentences are also imposed. R.C. 2929.19(B)(2)(g)(i) gives clear direction to a court to calculate jail-time credit any time a prison sentence is imposed.

---

[2] Gates's counsel does indicate that Gates may have spent 20 days in jail prior to sentencing. (Tr. 69.)

**{¶ 9}** Therefore, we remand this case to the trial court to calculate and apply jail-time credit, if appropriate, notify Gates of the result of that calculation, and issue a new sentencing entry setting forth the amount of credit, if any. This assignment of error is sustained.

## B. Acceptance of Guilty Pleas

**{¶ 10}** Gates claims that the trial court failed to properly accept a guilty plea on Count 2, felonious assault. Gates continues to argue that any plea to this count must be construed as not guilty and the trial court erred in imposing a sentence on a count where a valid guilty plea or finding of guilty does not exist.

**{¶ 11}** The trial court started off the change-of-plea hearing listing the charges: "[t]he defendant has been indicted in a three-count indictment. Count 1, aggravated burglary, a felony of the first degree in violation of 2911.11(A)(1). Count 2 is felonious assault, felony of the second degree in violation of 2903.11(A)(1). Count 3, domestic violence, a misdemeanor of the first degree in violation of 2919.25(A)." (Tr. 44.) After a thorough Crim.R. 11 plea colloquy, where the trial court personally advised Gates of the rights he was giving up by pleading guilty and inquiring if Gates understood those rights, the following exchange occurred on the record,

> THE COURT: All right. Based upon the statements of the prosecuting attorney and your lawyer, I believe it is your intention to plead guilty to an amended indictment. I believe it's your intention to plead guilty to amended Count 1, amending it to burglary in violation of 2911.12(B), making it a felony of the fourth degree. Is that your understanding?
>
> THE DEFENDANT: Yes, Your Honor.

THE COURT: And that you will be pleading guilty to Count 2, felonious assault, a felony of the second degree which would be subject to Reagan Tokes, and do you understand that?

* * *

THE DEFENDANT: Yes, Your Honor, I do understand.

THE COURT: Okay. And Count 3, domestic violence, a misdemeanor of the first degree in violation of 2919.25(A). Do you understand that?

THE DEFENDANT: Yes, Your Honor.

(Tr. 50-51.)

{¶ 12} The court then went through the potential penalties Gates faced, the intricacies of a minimum and maximum sentence required by the Reagan Tokes Law, as well as postrelease control, restitution, and other penalties. The court then stated,

So, Mr. Gates, how do you plead to Count 1 as it's been amended. It's been amended to burglary, a felony of the fourth degree in violation of 2911.12(B). How do you plead?

THE DEFENDANT: Guilty.

THE COURT: I do accept your plea of guilty to Count 1 as it's been amended and I find you guilty thereon.

How do you plead to Count 2, Count 2 as indicted, felonious assault, a felony of the second degree in violation of 2903.11(A)(1), how do you plead?

THE DEFENDANT: Guilty.

THE COURT: And Count 3, domestic violence, a misdemeanor of the first degree in violation of 2919.25(A), how do you plead?

THE DEFENDANT: Guilty.

THE COURT: Okay. Thank you. I accept your plea of guilty to Count 3 as it's been charged and indicted and I find you guilty thereon.

(Tr. 58-59.) The plea colloquy quoted above demonstrates that Gates pled guilty to Count 2, felonious assault.

{¶ 13} Gates argues the court was required to affirmatively accept this plea as it did with his pleas to Counts 1 and 3.

{¶ 14} Crim.R. 11(B)(3) provides, "[w]hen a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in division (C)(3) and (4) of this rule, shall proceed with sentencing under Crim.R. 32." There is no specific provision addressing how a court may indicate its acceptance of a plea. Crim.R. 11(G) contains steps necessary to reject a plea. It states, "[i]f a court refuses to accept a plea of guilty or no contest, the court shall enter a plea of not guilty on behalf of the defendant." Gates claims that because the court did not explicitly accept his plea to Count 2, it necessarily refused to accept it. In support, Gates cites to federal cases interpreting Fed. Crim.R. 11, such as *United States v. Battle*, 499 F.3d 315 (4th Cir.2007), and *United State v. Head*, 340 F.3d 628 (8th Cir.2003). However, Gates recognizes that the reviewing courts in these cases examined the record to determine whether the trial court implicitly accepted a guilty plea.

{¶ 15} Here, the record demonstrates that the trial court implicitly accepted the plea. The first indication of this is that the trial court did not reject the plea. The journal entry memorializing Gates's pleas also indicates that Gates pled guilty to Count 2, and states that "court accepts defendant's guilty plea" after a recitation of

the charges and pleas entered by Gates. At the sentencing hearing, the trial court moved forward with sentencing on all counts, including Count 2, indicating acceptance of the plea. The court began the hearing, stating,

> We are here today for a sentencing. On a previous day the defendant pled guilty to Count 1, as it was amended to burglary, in violation of 2911.12(B), a felony of the fourth degree.
>
> The defendant, as you pled guilty to Count 2, felonious assault, in violation of 2903.11(A)(1), a felony of the second degree.
>
> And the defendant pled guilty to Count 3, domestic violence, a misdemeanor of the first degree, in violation of 2919.25.
>
> So we are here today for a sentencing.

(Tr. 62.)

{¶ 16} The trial court then asked if there was any reason why the court should not go forward with sentencing. Gates, through counsel, indicated there was not. Gates did not object or otherwise raise a claim that his plea was not accepted. All parties, including the trial judge, proceeded as though Gates's guilty plea to Count 2 was accepted.

{¶ 17} Based on the above evidence, we conclude that the trial court implicitly accepted Gates's guilty plea as to Count 2 of the indictment. There is no indication in the record to the contrary. In *Head*, a defendant filed a motion to withdraw guilty pleas entered in a case. At the time he entered his guilty pleas the trial judge stated, "'If [the plea agreement] is vacated or rejected at the time of sentencing — as I go over this and think about it in the weeks ahead and decide that the agreement is not appropriate, that ten years isn't enough or whatever, *then you*

*would go back to trial on all of the original charges.*'" (Brackets and emphasis sic.) *Head* at 631, quoting Change of Plea Tr. at 41. The appellate court examined the record and found that this conditional statement meant that the trial judge did not implicitly accept the plea.

{¶ 18} In *Battle*, a trial judge provisionally accepted a guilty plea dependent on the receipt of a presentence investigation report. *Battle,* 499 F.3d at 317. The defendant sought to withdraw his plea, and the Fourth Circuit Court of Appeals found that the trial court did not err in denying the motion to withdraw because the plea, even with this provisional language, had been accepted. *Id.*

{¶ 19} As the *Battle* Court noted, an unambiguous statement such as "I accept your guilty plea," is a best practice and can ensure that there is no confusion. *Id.* at 322. But in the case before this court, it is clear from the record that the trial court implicitly accepted Gates's guilty plea and sentenced him accordingly.

{¶ 20} There is no similar conditional statement to the statement in *Head*, or any statement for that matter, that would lead this court to believe that the trial judge did not accept Gates's guilty plea to Count 2.

{¶ 21} Gates claims the silence of the trial court amounts to violations of the state and federal constitutions. Even if we did not find that the trial court impliedly accepted Gates's guilty plea to Count 2, Gates never raised this issue with the trial court when it could have been corrected. "An argument is forfeited when it is not timely asserted." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21. "The purpose of the forfeiture rule is to encourage parties to call the

court's attention to an error at a time when the error can be "'avoided or corrected.'"" *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 10, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. Therefore, even constitutional violations can be forfeited if not raised. Assuming Gates is correct that this constitutes error, he never brought this alleged error to the trial court's attention when it could have been easily remedied.

{¶ 22} Therefore, we overrule this assignment of error.

**C. Reagan Tokes Sentence**

{¶ 23} Gates also claims that his indefinite sentence under the Reagan Tokes Law is unconstitutional. Citing to our previous decisions in *State v. Delvallie,* 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.), *State v. Daniel,* 2021-Ohio-1963, 173 N.E.3d 184 (8th Dist.), and *State v. Sealey,* 2021-Ohio-1949, 173 N.E.3d 894 (8th Dist.), Gates challenges his sentence based on violations of due process, the right to a jury trial, and violation of the separation of powers doctrine. However, these issues were resolved in the district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. The challenges Gates advanced against the constitutional validity of the Reagan Tokes Act have been overruled, *Id.* at ¶ 17-54. Therefore, we find that Gates's sentence pursuant to the Reagan Tokes Law was not a violation of his constitutional rights.

## D. Improper Advisement of Indefinite Sentence

{¶ 24} Finally, Gates claims that the trial court failed to properly give all advisements found in R.C. 2929.19(B)(2)(c) prior to imposing sentence pursuant to the Reagan Tokes Law. The state concedes that the trial court did not give the notification required by R.C. 2929.19(B)(2)(c). If a nonlife felony indefinite prison term is imposed, this statute mandates that a court give the following notifications:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

> (iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

> (v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 25} No specific language is required, but the court must impart this information to a defendant at the time of sentencing. The state concedes that while this information was relayed to Gates at the time of the plea, it was not given at the time of sentencing. Gates and the state agree that this constitutes reversible error. The state asks that this case be remanded for the sole purpose of giving the required advisements. Gates does not address the scope of the hearing required.

{¶ 26} When faced with a similar issue, the Twelfth District remanded so that the trial court could give the proper advisement. *State v. Pope*, 12th Dist. Butler No. CA2021-05-057, 2022-Ohio-426. The court limited the scope of the hearing, stating,

> [the] sentence must be reversed, and this matter is remanded for the sole purpose of providing Pope with the required notifications as set forth in R.C. 2929.19(B)(2)(c). However, we emphasize that our reversal and remand are only for the purpose of complying with the foregoing statute and in no way affect the validity of the underlying conviction or any other aspect of the sentence imposed by the trial court. In other words, Pope is not entitled to be sentenced anew and the matter is remanded to the trial court for the sole and limited purpose of providing the mandatory notifications of R.C. 2929.19(B)(2)(c).

*Id.* at ¶ 23. *See also State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 33 (case remanded "for the sole purpose of resentencing [the defendant] pursuant to R.C. 2929.19(B)(2)(c))." The Fourth District did not explain the scope of proceedings on remand when it found a similar failure to properly notify a defendant pursuant to R.C. 2929.19(B)(2)(c). *State v. Long*, 4th Dist. Pickaway No. 20CA9, 2021-Ohio-2672, ¶ 29. The Fifth District has remanded for resentencing for

what appears to be a de novo resentencing hearing on the affected count. *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501.

{¶ 27} We conclude that the prudent approach is the one taken by the Twelfth District in *Pope.* We, therefore, reverse the sentence on Count 2 and remand this case to the trial court for the sole purpose of providing Gates with the notifications required by R.C. 2929.19(B)(2)(c).

{¶ 28} Judgment affirmed in part, reversed in part, and remanded for a calculation of jail-time credit and for resentencing on Count 2 so that the court may give proper advisement pursuant to R.C. 2929.19(B)(2)(c).

It is ordered that appellant and appellee share costs herein taxed.

This court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in Delvallie and would have found the Reagan Tokes Law unconstitutional.

Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).