[Cite as *State v. Bradley*, 2022-Ohio-1075.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 110882

    v.                                       :

JOHN BRADLEY, JR.,                     :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 31, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-655788-A, CR-21-657513-A, CR-21-657961-A and
CR-21-658136-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Tasha L. Forchione, Assistant Prosecuting
Attorney, *for appellee.*

Daniel J. Misiewicz, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1}  Defendant-appellant John Bradley appeals from his sentence below. Appellant's sentence arises from four separate cases that were resolved by guilty pleas taken on August 13, 2021.

{¶ 2} The trial court sentenced appellant in four separate cases: Cuyahoga C.P. No. CR-21-655788-A, Cuyahoga C.P. No. CR-21-657513-A, Cuyahoga C.P. No. CR-21-657961-A and Cuyahoga C.P. No. CR-21-658136-A. Appellant's two assignments of error both contend that the sentence imposed under the Reagan Tokes Act is unconstitutional. "The Reagan Tokes Act applies to 'qualifying felonies,' which are felonies 'of the first or second degree committed on or after March 22, 2019.'" *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 40, quoting R.C. 2929.144(A).

{¶ 3} The court below imposed a sentence pursuant to Reagan Tokes in Cuyahoga C.P. No. CR-21-657961-A only.[1] In that case, appellant pleaded guilty to felonious assault as charged in Count 1 along with a one-year firearm specification, domestic violence as charged in Count 3 of the indictment, and endangering children as charged in Count 5 of the indictment. Counts 2 and 4 were dismissed.

{¶ 4} The court sentenced appellant to one year on the firearm specification prior to and consecutive to the underlying sentence. The court sentenced appellant to seven years on Count 1, 36 months on Count 3 and six months on Count 5. The court noted that based on the sentence to the first count, Reagan Tokes established the minimum sentence, seven years, with the maximum sentence being ten-and-one-half years. In addition, the court sentenced appellant to three years of postrelease control.

---

[1] The other cases involve pleas to crimes of which none are subject to the provisions of the Reagan Tokes Act.

**{¶ 5}** Appellant appeals his sentence and raises the following two assignments of error for our review:

> I. As amended by the Reagan Tokes Act, the Revised Code's sentences for first- and second-degree qualifying felonies violates the constitutions of the United States and the state of Ohio; The trial court plainly erred in imposing a Reagan Tokes indefinite sentence.

> II. Trial counsel was ineffective for failing to object to the Re[a]gan Tokes sentence.

**{¶ 6}** Appellant contends that the Reagan Tokes Law is unconstitutional because it violates the appellant's right to trial by jury, due process of law and separation-of-powers. However, this court's recent opinion specifically overruled those arguments. Accordingly, for the reasons set forth in this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, we overrule appellant's first assignment of error.

**{¶ 7}** Furthermore, since this court has determined that appellant's constitutional challenge is without merit, appellant cannot show either that his counsel provided deficient performance or that he suffered any prejudice caused by deficient performance. *State v. Davenport*, 8th Dist. Cuyahoga No. 106143, 2018-Ohio-2933, ¶ 25 ("The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel.").

**{¶ 8}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
JAMES A. BROGAN, J., CONCUR

(*Sitting by assignment:  James A. Brogan, J., retired, of the Second District Court of Appeals.)