[Cite as *State v. Guzman*, 2022-Ohio-2414.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,          :

                                     No. 111153

    v.                           :

OMAR GUZMAN,                                 :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
               AND REMANDED
**RELEASED AND JOURNALIZED:** July 14, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-655473-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Thomas Edward Rovito, Assistant
Prosecuting Attorney, *for appellee.*

Erin R. Flanagan, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Omar Guzman ("Guzman") appeals his 24 to 28 ½-year prison
sentence. After reviewing the facts of the case and pertinent law, we affirm

Guzman's convictions, vacate his sentence, and remand this case to the trial court for the limited purpose of resentencing in accordance with R.C. 2929.19(B)(2)(c).

## I. Facts and Procedural History

{¶ 2} On January 21, 2021, Guzman and his cousin Cristian were charged in a 51-count indictment associated with a string of 15 armed robberies "fueled by [Guzman's] addiction and desire to use opiates." These robberies took place from September to December 2020 and mainly targeted convenience and beverage stores. On September 28, 2021, Guzman pled guilty to multiple counts of aggravated robbery, kidnapping, felonious assault, and having weapons while under disability. On November 23, 2021, the court sentenced Guzman to an aggregate minimum of 24 years and maximum of 28 ½ years in prison.

{¶ 3} It is from this sentence that Guzman appeals.

## II. Law and Analysis

{¶ 4} In his first assignment of error, Guzman argues that his indefinite sentence is unconstitutional. Guzman's first assignment of error is overruled pursuant to this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.).

{¶ 5} In his second assignment of error, Guzman argues that his "sentence is contrary to law because the trial court did not comply with the requirements of R.C. 2929.19(B)(2)(c) prior to its imposition."

**{¶ 6}** Pursuant to R.C. 2953.08(G)(2), when analyzing a felony sentence, this court "shall review the record, including the findings underlying the sentence * * * given by the sentencing court."

> The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

*Id.*

**{¶ 7}** In the case at hand, Guzman argues that the sentencing court did not comply with R.C. 2929.19(B)(2)(c) when sentencing him to an indefinite prison term under the Reagan Tokes Law. Because R.C. 2929.19 is not listed in R.C. 2953.08(G)(2)(a), we are limited to reviewing whether Guzman's sentence is contrary to law under R.C. 2953.08(G)(2)(b). *See State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 31 ("R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does support the sentence under R.C. 2929.11 and 2929.12 because * * * R.C. 2929.11 and 2929.12 are not among the statutes listed in the provision.").

**{¶ 8}** R.C. 2929.19(B)(2)(c) states that, if the sentencing court imposes an indefinite sentence under the Reagan Tokes Law, it shall notify the defendant of "all of the following" at the sentencing hearing:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 9} At the sentencing hearing in the instant case, the court stated the following on the record relevant to Guzman's second assignment of error:

It was also addressed prior to sentencing regarding Reagan Tokes, and that would mean that you receive an indefinite sentence with a minimum sentence and a maximum sentence.

* * *

The underlying offenses will all be run concurrent to one another, run all firearm specifications consecutive, for an aggregate prison sentence of 24 years as the minimum sentence, and as I stated, Count 1 is subject

to Reagan Tokes, which means that the minimum sentence is 24, and the maximum sentence is — that you will serve 28 and a half years, so the sentence will be a minimum sentence of 24 to 28 and a half years.

And that is subject to Reagan Tokes. It's an indefinite sentence.

{¶ 10} Upon review, we find that the court failed to comply with R.C. 2929.19(B)(2)(c) when sentencing Guzman, because it did not notify him of the mandatory advisements regarding the Reagan Tokes Law. *See State v. Gates*, 8th Dist. Cuyahoga No. 110616, 2022-Ohio-1666, ¶ 25 (finding reversible error where the trial court failed to give the required notifications under R.C. 2929.19(B)(2)(c) at the sentencing hearing). Further, having found error, this court limited the scope of the resentencing hearing for "the sole purpose of providing Gates with the notifications required by R.C. 2929.19(B)(2)(c)." *Id.* at ¶ 27. Accordingly, Guzman's second assignment of error is sustained.

{¶ 11} Judgment affirmed in part and vacated in part. This case is remanded to the trial court for the limited purpose of resentencing to provide the notification required by R.C. 2929.19(B)(2)(c).

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR


N.B. The author of this opinion is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Forbes, J., dissenting).