[Cite as *State v. Bradley*, 2022-Ohio-2954.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                           No. 110882

    v.                            :

JOHN BRADLEY, JR.,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  APPLICATION FOR REOPENING GRANTED;
                 SENTENCE VACATED IN PART AND
                 REMANDED FOR RESENTENCING
**RELEASED AND JOURNALIZED:**  August 25, 2022

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-21-655788-A, CR-21-657513-A,
CR-21-657961-A, and CR-21-658136-A
Application for Reopening
Motion No. 556034

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Tasha L. Forchione, Assistant Prosecuting
Attorney, *for appellee.*

John Bradley, Jr., *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1}   Applicant, John Bradley, Jr., seeks to reopen his appeal in *State v.*

*Bradley*, 8th Dist. Cuyahoga No. 110882, 2022-Ohio-1075.  Bradley claims his

appellate counsel was ineffective for not arguing that the trial court failed to properly impose a sentence or notify him of certain provisions of the Reagan Tokes Law. For the following reasons, the application is granted, the appeal is reopened, we vacate the sentence in part and remand for the limited purpose of providing the notification required by R.C. 2929.19(B)(2)(c).

## I.    Factual and Procedural History

{¶ 2}    The appeal in this case involves four criminal cases, CR-21-658136-A, CR-21-657513-A, CR-21-655788-A and the only one relevant to the application for reopening, CR-21-657961-A. In that case, Bradley was charged with two counts of felonious assault, two counts of domestic violence and one count of endangering children. The felonious assault counts were felonies of the second degree. On August 13, 2021, the trial court journalized an entry memorializing Bradley's guilty pleas to one count of felonious assault, one count of domestic violence and one count of endangering children. That entry included a statement that the "possible sentence on Count 1 is up to 12 years." A sentencing hearing was conducted on September 10, 2022 followed by an entry journalized on September 13, 2022. Both the sentencing transcript and sentencing entry state that the trial court imposed a minimum indefinite sentence for the second-degree felony count of felonious assault of seven years with a maximum of ten-and-a-half years. A one-year sentence for a firearm specification was ordered to run prior to, and consecutive with, this sentence. Other lesser sentences were imposed and ordered to be served concurrent to the above sentence.

{¶ 3} On October 5, 2021, Bradley filed a timely notice of appeal. Appellate counsel raised two assigned errors challenging the constitutionality of the Reagan Tokes Law and claiming that trial counsel was ineffective for not challenging the Reagan Tokes Law at the sentencing hearing. In a decision journalized on March 31, 2022, this court overruled these assigned errors and affirmed Bradley's convictions and sentences. *Bradley*, 8th Dist. Cuyahoga No. 110882, 2022-Ohio-1075.

{¶ 4} On June 28, 2022, Bradley timely filed the instant application for reopening. There, he asserted the following proposed assignment of error:

> [Appellate] counsel was ineffective for failing to raise the issue that the trial court failed to notify the appellant of the Re[a]gan Tokes Act pursuant to R.C. 2967.271, as it would apply to Count One (1) in the sentencing judgment entry dated August 13, 2021.

The state timely filed a brief in opposition.

## II. Law and Analysis

### A. Standard for Reopening

{¶ 5} App.R. 26(B) provides a limited means of asserting claims of ineffective assistance of appellate counsel. *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 19. An application, limited to ten pages, shall contain "one or more assignments of error or arguments in support" that were previously not considered on the merits or that were considered on an incomplete record. App.R. 26(B)(2)(c) and (B)(4). An application "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel

on appeal." App.R. 26(B)(5). Ineffective assistance of appellate counsel is judged using the same standard for ineffective assistance of trial counsel enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable, [*Strickland*] at 687, and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' [*Strickland*] at 694." *Leyh* at ¶ 18.

### B. Improper Sentence

{¶ 6} Bradley argues that the "trial court failed to mention the Reagan Tokes [Law] at the sentencing hearing and improperly journalized that the maximum possible sentence on Count 1 is 'up to' 12 years in prison[.] This was not sufficient to inform the appellant of the maximum possible sentence on Count 1 under the Reagan Tokes Law." He goes on to assert that "the trial court also failed to inform [him] of any of the other required statutory notifications." These are distinct issues that will be addressed separately.

### i. The Reagan Tokes Sentence

{¶ 7} In a return to indefinite sentencing in Ohio, for qualifying offenses, a trial court is required to impose a minimum sentence within the statutory range of sentencing options found in R.C. 2929.14 and inform the defendant that the Department of Rehabilitation and Correction may maintain the offender's incarceration for a maximum period as described in R.C. 2929.144. *See State v.*

*Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, ¶ 2, 23 (8th Dist.). Therefore, for qualifying offenses such as Bradley's conviction for felonious assault, the prison sentence consists of a minimum term and a maximum term of which Bradley must be informed. R.C. 2929.19(B)(2)(c). Bradley claims that the trial court's imposition of "up to a 12-year sentence" does not comply with the proper imposition of an indefinite sentence under the Reagan Tokes Law.

{¶ 8} Bradley's argument that the sentencing entry contains the language above about a sentence up to 12 years is incorrect. In CR-21-657961-A, the September 13, 2021 sentencing entry states a minimum prison term of seven years, with a maximum possible term of imprisonment of ten-and-a-half years. The sentences imposed in the other cases that are encompassed in his appeal do not qualify for indefinite sentences under the Reagan Tokes Law and were imposed concurrently to this qualifying offense and so do not impact this analysis. The trial court's explanation of a sentence of between seven and ten-and-a-half years is also consistent between the sentencing entry and the sentencing hearing transcript. This sentence is also permissible under R.C. 2929.14 and 2929.144.

{¶ 9} Bradley mistakenly cites to the plea entry in CR-21-657961-A, journalized on August 13, 2021, where appellant's guilty pleas were memorialized. There, the trial court included an advisement that the "possible sentence on Count 1 is up to 12 years." However, this was not the sentence that was imposed nor was this a sentencing entry as Bradley claims.

{¶ 10} Therefore, Bradley's claim that the trial court erred in imposing a prison term of "up to 12 years" is incorrect. This claim cannot form the basis of a colorable claim of ineffective assistance of appellate counsel.

### ii. The Reagan Tokes Notification

{¶ 11} Bradley also argues that the trial court failed to give the advisements required by the Reagan Tokes Law when imposing sentence. Bradley does not specifically mention R.C. 2929.19(B)(2)(c), but quotes portions of this statute. This provision requires the trial court to inform a defendant of the following when imposing a non-life felony indefinite term:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in

divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 12} During the sentencing hearing, the trial court gave the following

notification:

In Case Number 657961 you pled guilty to felonious assault, with a one-year firearm specification. As amended in Count 1, this is a second-degree felony.

At the time of your plea we went over Ohio's new sentencing structure with regard to non-life felonies of the first and second degree, Senate Bill 201, titled the Reagan Tokes law, changed the sentencing structure for many of Ohio's most serious felonies.

Senate Bill 201 implements an indefinite sentencing system for non-life felonies of the first and second degree.

Under this law I must impose a minimum term from the — from within the currently established sentencing range, which is two to eight years, and a maximum term of an additional 50 percent of the minimum term imposed.

Release is presumed to occur at the expiration of the minimum term; however, the Department of Rehabilitation and Correction may, under certain circumstances, rebut that release presumption and impose additional prison time up to the maximum term.

DRC may also reduce the minimum term by 5 to 15 percent for exceptional conduct or adjustments to incarceration with approval of this Court.

Senate Bill 201, 1 and 2, in effect on March 22, 2019, and again, applies to all non-life felonies of the first and second degree that occurred after that date.

With regard to this felonious assault on the underlying count, the minimum term would be two to three years in prison, and the maximum term would be eight to twelve years.

With that one-year firearm specification, you have to serve that one year prior to and consecutive to underlying felonious assault.

(Tr. 35-36.)  The trial court went on to impose sentence as previously stated.

{¶ 13}  A trial court is not required to use the precise wording of the statute but must convey the information required by these notice provisions.  The trial judge provided to Bradley some of the information required by R.C. 2929.19(B)(2)(c) but not all.  When trial courts have failed to provide the notifications required by R.C. 2929.19(B)(2)(c), this court has remanded cases for the limited purpose of providing the required notifications.  *State v. Gates*, 8th Dist. Cuyahoga No. 110615, 2022-Ohio-1666, ¶ 25; and *State v. Guzman*, 8th Dist. Cuyahoga No. 111153, 2022-Ohio-2414, ¶ 10.

{¶ 14}  The state claims that the required notifications were given by pointing to advisements that the trial court gave during the change-of-plea hearing.  However, R.C. 2929.19(B)(2)(c) states that the above advisement must be given at the sentencing hearing.  *Accord Gates* at ¶ 25 and *Guzman* at ¶ 8.  Bradley has set forth a colorable claim of ineffective assistance of appellate counsel because, had counsel raised the assignment of error in the direct appeal, there is a reasonable probability that there would have been a different result in the appeal — namely remand to the trial court to provide the notifications required by R.C. 2929.19(B)(2)(c).  Bradley's application for reopening is well-taken.

{¶ 15} Accordingly, this court grants the application for reopening.

{¶ 16} This court finds that the trial court erred in failing to properly notify Bradley pursuant to R.C. 2929.19(B)(2)(c) and that appellate counsel was ineffective for not advancing this issue. In accordance with *Gates* and *Guzman*, Bradley's sentence for Count 1 in CR-21-657961-A is vacated, in part. The case is remanded to the trial court for the limited purpose of resentencing to provide the notifications required by R.C. 2929.19(B)(2)(c).

It is ordered that the appellant recover from the appellee the costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
JAMES A. BROGAN, J.,* CONCUR

(*Sitting by assignment: James A. Brogan, J., retired, of the Second District Court of Appeals.)