[Cite as *State v. Bradley*, 2024-Ohio-1057.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,              :

                                                   No. 112913

    v.                                           :

JOHN BRADLEY, JR.,                               :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 21, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-655788-A, CR-21-657513-A,
CR-21-657961-A, and CR-21-658136-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Tasha L. Forchione, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for appellant*.

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, John Bradley, Jr., appeals from the trial court's decisions denying his motions to withdraw his guilty pleas in four different cases.

For the reasons that follow, we reverse the trial court's decisions and remand for further proceedings.

## I. Procedural Background

{¶ 2} In August 2021, Bradley entered guilty pleas in Cuyahoga C.P. Nos. CR-21-655788-A, CR-21-657513-A, CR-21-657961-A, and CR-21-658136-A. During the plea hearing on these four separate cases, Bradley stated that he understood the maximum penalties involved, including that (1) he faced a mandatory prison sentence on the felonious assault offense in CR-657961 because of the one-year firearm specification, (2) felonious assault carried a potential range of two to eight years, and (3) the Reagan Tokes Law would apply to this sentence.[1] (Tr. 17-18.) He denied that anyone made any threats or promises to induce him into accepting the plea. (Tr. 12.)

{¶ 3} In September 2021, the trial court sentenced Bradley on all four cases. The court ordered Bradley's sentences in CR-655788, CR-657513, and CR-658136 to run concurrently with the sentence in CR-657961. In that case, after applying the Reagan Tokes Law, the court imposed a prison sentence on Count 1 (felonious assault) of seven to ten and one-half years, plus a mandatory, consecutive one-year sentence on the firearm specification, for a total prison sentence of eight to ten and one-half years.

---

[1] The record before this court is an App.R. 9(A) record. The only transcript in the record is the August 2021 plea hearing that the state attached to its brief in opposition to Bradley's motion to withdraw his guilty pleas. Bradley has not requested to transfer any transcripts filed in the prior appeals to this appeal for this court to consider.

**{¶ 4}** Bradley appealed his convictions in these cases and raised two assignments of error — the first challenging the constitutionality of the Reagan Tokes Law, and the second contending that his counsel was ineffective for failing to object to the Reagan Tokes sentence. *State v. Bradley*, 8th Dist. Cuyahoga No. 110882, 2022-Ohio-1075, ¶ 5 ("*Bradley I*"). This court overruled his assignments of error and affirmed his convictions. *Id.* Bradley timely appealed *Bradley I* to the Ohio Supreme Court, which accepted the appeal and held the matter for the resolution of *State v. Hacker*, Ohio Supreme Court Case Nos. 2020-1496 and 2021-0532. *See State v. Bradley*, Ohio Supreme Court Case No. 2022-0522, and *07/19/2022 Case Announcements*, 2022-Ohio-2446.

**{¶ 5}** In June 2022, Bradley successfully reopened his direct appeal pursuant to App.R. 26(B) because the trial court failed to provide him with the required notifications under R.C. 2929.17(B)(2)(c) when imposing a Reagan Tokes sentence. *State v. Bradley*, 8th Dist. Cuyahoga No. 110882, 2022-Ohio-2954, ¶ 13-14 ("*Bradley II*"). Accordingly, this court "vacated, in part" Bradley's sentence for Count 1 in CR-657961 and "remanded [the matter] to the trial court for the limited purpose of resentencing to provide the notifications required by R.C. 2929.19(B)(2)(c)." *Id.* at ¶ 16.

**{¶ 6}** On December 8, 2022, prior to the limited-purpose resentencing, Bradley filed identical motions to withdraw his guilty pleas in all four cases, contending that (1) he would not have pleaded guilty if he knew he would receive an indefinite sentence under Reagan Tokes and (2) his attorney promised him that he

would only receive two years in prison. Bradley did not support his motion with any documentary evidence supporting either argument. The state opposed the motion, contending that res judicata barred his claims, his convictions were previously affirmed in his direct appeal, and no manifest injustice occurred.

{¶ 7} On December 13, 2022, the trial court conducted the limited-purpose resentencing as mandated by this court in *Bradley II*. The trial court provided the requisite Reagan Tokes notifications pursuant to R.C. 2929.19(B)(2)(c). On January 12, 2023, Bradley appealed his sentence, once again challenging the constitutionality of the Reagan Tokes Law. This court, noting the release of *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, the day before Bradley filed his notice of appeal, overruled his assignment of error on the authority of *Hacker*, which found the Reagan Tokes Law constitutional. *State v. Bradley*, 8th Dist. Cuyahoga No. 112320, 2023-Ohio-3630, ¶ 4 ("*Bradley III*").[2] Bradley appealed *Bradley III* to the Ohio Supreme Court; the court declined jurisdiction in January 2024.

{¶ 8} On May 26, 2023, while *Bradley III* was pending in this court and *Bradley I* was still pending in the Ohio Supreme Court, the trial court summarily denied Bradley's motions to withdraw his guilty pleas in all four cases.

{¶ 9} Bradley now appeals, raising two assignments of error that challenge the trial court's summary denial of his motions to withdraw without conducting an evidentiary hearing.

---

[2] On October 26, 2023, the Ohio Supreme Court affirmed *Bradley I* on the authority of *Hacker*. *See 10/26/2023 Case Announcements*, 2023-Ohio-3863.

## II. Trial Court's Jurisdiction

{¶ 10} At the outset, this court must address whether the trial court had jurisdiction to consider Bradley's motions to withdraw his guilty pleas. The state raised in the trial court, and here on appeal, that the trial court lacked jurisdiction to consider Bradley's motions because this court affirmed his convictions in *Bradley I*. The state relies on *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978), which held that "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." This court has recognized, however, that the Ohio Supreme Court subsequently clarified that *Special Prosecutors* does not apply to motions filed under the criminal rules or permitted by statute and that it specifically identified that a Crim.R. 32.1 motion to withdraw a guilty or no contest plea is a vehicle for seeking postconviction relief from a final judgment. *State v. Walton*, 8th Dist. Cuyahoga No. 112235, 2023-Ohio-2879, ¶ 19-20, citing *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, paragraph two of the syllabus; *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 11, fn. 3. Accordingly, this court's affirmance in *Bradley I* did not divest the trial court of authority to consider Bradley's motions.

{¶ 11} Bradley also challenges the trial court's jurisdiction but raises this issue for the first time in his reply brief in the instant appeal. We recognize that he raised this issue in rebuttal to the state's contention that the trial court lacked

authority to consider his motion because this court affirmed his convictions and thus appears to be proper. *See* Loc.App.R. 16(A)(2)(c) (reply brief "must be restricted to matters in rebuttal to the answer portion of the second brief"). He contends that because *Bradley III* was pending in this court, the trial court lacked jurisdiction to consider his motion to withdraw his guilty plea in CR-657961. Bradley states that the motions filed in the other cases were unaffected by the *Bradley III* appeal, and thus the trial court had authority to rule on those motions. In support, he relies on this court's decision in *State v. Drake*, 8th Dist. Cuyahoga No. 105908, 2017-Ohio-7328, in which we explained that where a court lacks jurisdiction to rule on a motion due to a pending appeal, the trial court lacks authority to deny the motion and must hold the motion in abeyance until the appeal is decided. *Id.* at ¶ 4.

{¶ 12} The general rule of law is that the trial court loses jurisdiction to take action in a cause after an appeal has been taken and decided except "to take action in aid of the appeal, until the case is remanded to it by the appellate court." *Special Prosecutors* at 97. The trial court retains jurisdiction, however, over issues "not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment from which an appeal is taken." *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44, 553 N.E.2d 1354 (1990).

{¶ 13} Accordingly, we agree with Bradley that the trial court was without jurisdiction to consider his motion to withdraw his guilty plea in CR-659761 because *Bradley III* was pending in this court. The issue in *Bradley III* involved a facial constitutional challenge to the Reagan Tokes Law. If the trial court granted

Bradley's motion to withdraw and, thus, vacated his conviction that included a Reagan Tokes sentence, Bradley would no longer have standing to challenge the Reagan Tokes Law as unconstitutional. Accordingly, the trial court's consideration of the motion to withdraw would be inconsistent with this court's jurisdiction to reverse, modify, or affirm the trial court's judgment.[3]

{¶ 14} We disagree, however, with Bradley that the trial court had jurisdiction to consider the other three cases. Although Bradley is correct that *Bradley III* did not affect the trial court's jurisdiction, *Bradley I*, which also challenged the constitutionality of the Reagan Tokes Law, was pending in the Ohio Supreme Court. The Ohio Supreme Court did not decide *Bradley I* until October 2023 — well after the trial court ruled on Bradley's motions to vacate his guilty pleas. Because *Bradley I* encompassed all four of his cases, the trial court lacked authority to consider his motions to withdraw his guilty pleas. We note that the state recognized the trial court's lack of jurisdiction to consider Bradley's motions because in its brief in opposition, the state requested that the trial court hold his motions in abeyance until the resolution of *Bradley I*.

{¶ 15} Accordingly, because *Bradley I* was pending in the Ohio Supreme Court and *Bradley III* was pending in this court, the trial court lacked jurisdiction

---

[3] Granted, the *Bradley III* Court could have dismissed the appeal because the issue raised went beyond the scope of the limited-purpose remand. The issue did not challenge the trial court's Reagan Tokes notifications but raised a facial constitutional challenge to the Reagan Tokes Law — an issue this court previously decided and rejected in *Bradley I* and, thus, this court could have also applied the doctrine of res judicata and overruled the assignment of error.

to rule on his motions to vacate his guilty pleas. The trial court should have held the motions in abeyance until the resolution of all appeals.

{¶ 16} Our decision to reverse the trial court's decisions and remand for reconsideration of Bradley's motions seems superfluous, especially when it is entirely possible that res judicata will bar Bradley's motions to withdraw his guilty pleas, but a trial court's ability to consider matters that would affect a reviewing court's jurisdiction and ability to consider the merits of a pending appeal cannot be disregarded.

{¶ 17} The assignments of error are sustained, not because the trial court erred in failing to hold a hearing before denying Bradley's motions, but because the court lacked jurisdiction to consider the motions altogether. Now that Bradley's appeals in both *Bradley I* and *Bradley III* have been fully decided, the trial court now has jurisdiction to consider his motions to withdraw his guilty pleas.

{¶ 18} Judgments reversed and remanded for further proceedings consistent with this opinion.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR