[Cite as *State v. Mann*, 2024-Ohio-2175.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff- Appellee, | : | No. 113616 |
| v. | : | |
| CORNELIUS D. MANN, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** June 6, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668715-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Christopher Woodworth, Assistant
Prosecuting Attorney, *for appellee.*

Law Office of John T. Forristal and John T. Forristal*, for
appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Cornelius D. Mann appeals from his indefinite sentence imposed by the trial court under the Reagan Tokes Law. He argues that his sentence is contrary to law because the trial court failed to provide the mandatory advisements required by R.C. 2919.19(B)(2)(c) when imposing an indefinite sentence. We agree and remand the case to the trial court for the sole purpose of providing Mann with the notifications required by the statute.

{¶ 2} Mann pleaded guilty to trafficking in drugs in violation of R.C. 2925.03(A)(2), a felony of the second degree; having weapons while under disability, a felony of the third degree; and operating a vehicle under the influence, a misdemeanor of the first degree. The trial court imposed an indefinite sentence of five to seven-and-a-half years for his drug-trafficking offense. It also imposed a concurrent 24-month term for his offense of having weapons while under disability and sentenced him to time served for his offense of operating a vehicle under the influence.

{¶ 3} On appeal, Mann raises a single assignment of error, contending that his sentence is contrary to law because the trial court failed to comply with R.C. 2929.19(B)(2)(c). The state filed a notice of conceded error pursuant to Loc.App.R. 16(B).

{¶ 4} R.C. 2929.19(B)(2)(c) requires the trial court to inform a defendant of the following when imposing a non-life felony indefinite term:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 5} While the trial court is not required to use the precise wording of the statute, it must convey the information required by these notice provisions. *State v. Bradley*, 8th Dist. Cuyahoga No. 110882, 2022-Ohio-2954, ¶ 13. *See also State v. Gates*, 8th Dist. Cuyahoga No. 110615, 2022-Ohio-1666, ¶ 21 ("No specific language

is required, but the court must impart this information to a defendant at the time of sentencing.").

{¶ 6} Our review of the sentencing transcript indicates that the trial court gave none of the advisements required by R.C. 2929.19(B)(2)(c). When a trial court fails to provide the notifications required by R.C. 2929.19(B)(2)(c), we must remand the case for the limited purpose of providing the required notifications. *State v. Bradley*, 8th Dist. Cuyahoga No. 110882, 2022-Ohio-2954, ¶ 13; *State v. Gates*, 8th Dist. Cuyahoga No. 110616, 2022-Ohio-1666, ¶ 25; and *State v. Guzman*, 8th Dist. Cuyahoga No. 111153, 2022-Ohio-2414, ¶ 10.

{¶ 7} Consequently, we sustain Mann's assignment of error, vacate his indefinite sentence for the drug-trafficking offense, and remand the case for resentencing of that offense for the sole purpose of providing Mann with the requisite statutory notifications.

{¶ 8} Judgment affirmed in part and vacated in part; case remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLE D. GROVES, J., CONCUR