[Cite as *State v. Mendenhall*, 2025-Ohio-2683.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                              No. 114621

    v.                                   :

NICHALOS MENDENHALL,               :

    Defendant-Appellant.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** July 31, 2025

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-24-693153-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee*.

Joseph V. Pagano, *for appellant*.

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Nichalos Mendenhall ("Mendenhall") appeals his consecutive sentences and asks this court to reverse his sentence and remand to the trial court for resentencing. We affirm and remand the case to the trial court

for the limited purpose of providing the notifications required by R.C. 2929.19(B)(2)(c).

{¶2} Mendenhall pleaded guilty to pandering sexually oriented matter involving a minor, a second-degree felony, in violation of R.C. 2907.322(A)(1); two counts of disseminating matter harmful to juveniles, fifth-degree felonies, in violation of R.C. 2907.31(A)(1); attempted tampering with evidence, a fourth-degree felony, in violation of R.C. 2923.02 and 2921.12(A); and possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24.

{¶3} The trial court sentenced Mendenhall to eight years' imprisonment for pandering sexually oriented matter involving a minor; 12 months' imprisonment for each count of disseminating matter harmful to juveniles; 18 months' imprisonment for attempted tampering with evidence; and 12 months for possessing criminal tools. The sentences for each count of disseminating matter harmful to juveniles and possessing criminal tools were to be served concurrently to each other. The trial court ordered Mendenhall to serve all other sentences consecutively to each other for a total of ten and a half years' imprisonment. The trial court also imposed an indefinite sentence under Reagan Tokes. Mendenhall was sentenced to a minimum of ten and a half years to a maximum of 14 and a half years of imprisonment.

I.    **Facts and Procedural History**

**{¶4}** On October 24, 2024, Mendenhall pleaded guilty to the five counts mentioned above in the original indictment. The remaining seven counts were nolled. On November 21, 2024, the trial court sentenced Mendenhall. At the sentencing hearing, the trial court indicated that it received and reviewed the presentence-investigation report and the court psychiatric clinic report. Tr. 27. The trial court explained to Mendenhall the duties to register as a sex offender or child victim offender. Tr. 31-36.

**{¶5}** After Mendenhall and the victim's parents addressed the court, the trial court asked if any of Mendenhall's counts were allied offenses, to which both the State and Mendenhall's counsel replied that they were not. Tr. 44. The trial court then proceeded with sentencing Mendenhall stating:

> The Court has considered all this information, all the purposes and principles of felony sentencing, all the appropriate recidivism and seriousness factors. And the Court has read the psychiatric clinic report.
>
> I've noted how he self reported, a lot of these maladies, issues, history. I also note that there's medical records received from Windsor, Laurelwood from 2016 and medical records from Cleveland Clinic in 2023.
>
> Apparently there has been interaction with this defendant and various public health agencies, juvenile agencies, and for a large part of his life including a prior criminal delinquency in juvenile court. So whatever happened to Mr. Mendenhall as a child growing up, I am empathetic to; however, he's had involvement with all these aids to help himself and not become the person that he says other have been to him.
>
> So that is clear that you've had all these opportunities and you have not taken advantage of any of them. You did not take advantage of kindness from families around you. You used your charm and your

manipulation to take what you wanted from other people. And I understand the, you know, the sort of cynicism of defense counsel, but there's plenty of good-hearted folks at work in these agencies that offered you help who are sincere in their offer and that you just couldn't do it. So that past is less of a factor in this sentence than normal because of what you've done.

This is your second sex offense. You are a registered sex offender from a juvenile delinquency and you're a very smart person. Whatever else is going on with you, you're very intelligent and these are all the recipes for future victims which have tremendous effect through the entire community, this family, the City of Fairview Park, everybody who worked at McDonald's. And it's a serious matter, just doesn't go away. You're aware of that as well.

So at this point the Court feels that it's very difficult to impose anything other than consecutive sentences because I don't feel like you're possibly able to control yourself or on your own seek the treatment necessary to avoid making or stop victimizing other people.

I'm going to find specifically that consecutive sentences are necessary to protect the community, to punish this offender for these crimes, and would not be disproportionate in this case. Also, specifically finding that the harm is so great or unusual a single term does not adequately reflect the seriousness of the conduct and that your criminal history shows that consecutive terms are needed to protect the public. It is clear that the public needs to be protected by this separation from society in prison.

Tr. 44-47.

{¶6} The trial court sentenced Mendenhall on each count, stating in part:

In Count 3, pandering sexually-oriented matter involving a minor, eight years in Lorain Correctional Institution.

In Count 9, disseminating matter harmful to juveniles, 12 months in Lorain Correctional Institution.

In Count 10, disseminating matter harmful to juveniles, 12 months in Lorain Correctional Institution.

In Count 11, attempted tampering with evidence, 18 months in Lorain Correctional Institution.

In Count 12, possession of criminal tools, 12 months in Lorain Correctional Institution.

Count 3, Count 9, and Count 11 will be served consecutive to each other. So that's a total of 10 and a half years minimum sentence. Reagan Tokes indefinite sentence will be 14 and a half years.

Post-release control is a mandatory part of this sentence. So the stated sentence is 10 and a half to 14 and a half years.

As I said, post-release control is mandatory here for five years. You will be supervised by Ohio Adult Parole Authority for five years . You must follow all the rules and regulations of the probation department. While on post-release control, if you fail to follow their rules, the parole authority has the power to return to you prison for up to 50 percent of the sentence.

Tr. 47-48.

**{¶7}** The trial court continued explaining postrelease control, stating:

Any violation of the parole authority's rules could result in a residential sanction, which could include a new prison term up to nine months. The rules will require you to report to a parole officer. If you fail to report, the parole authority could punish you, send you back to prison.

You're also subject to being indicted on a separate felony called escape, which means that judge assigned to that new indictment could also punish you for time in prison, even if the parole authority punished you for same thing, not reporting.

That's also true of any other felony you might commit on post-release control. If you commit a felony, if you're convicted, that judge could impose a consecutive prison term for the amount of time remaining on post-release control or the 12 months, whichever is greater. And the parole authority could also impose a residential sanction in prison.

You're responsible to report as required as a Tier II sex offender. You're also responsible for your court costs; therefore, community work service may also be required.

You have a right to appeal your sentence and conviction. If you're indigent, let the Court know within 30 days. I'll provide a transcript at State's expense. Due to this being a sex offense, there is no rebuttable presumption of early release in this matter.

Tr. 48-50.

{¶8} Mendenhall filed this appeal, assigning two errors for our review:

1.   Appellant's sentence is contrary to law because the record does not support the imposition of consecutive sentences; and

2.   Appellant's sentence is contrary to law because the trial court did not provide the advisements required by R.C. 2929.19(B)(2)(c) during the sentencing hearing.

## II.   Standard of Review

{¶9}   R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; but rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under . . . (C)(4) of section 2929.14 . . ." or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See State v. Marcum*, 2016-Ohio-1002, ¶ 21.

## III.   Law and Analysis

**{¶10}** In Mendenhall's first assignment of error, he argues that his sentence is contrary to law because the record does not support the imposition of consecutive sentences. Mendenhall contends that the trial court did not adequately consider the many documented and established mental-health diagnoses and his neurological disorder in terms of mitigating the sentence. His contentions are not well taken.

**{¶11}** Although R.C. 2929.41(A) presumes that multiple felony sentences should be served concurrently, R.C. 2929.14(C)(4) provides that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender serve the prison terms consecutively." In order to impose consecutive sentences, the court must find that the consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of the following findings:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction . . . or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶12} "We note that '[w]hen imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing' and 'incorporate its statutory findings into the sentencing entry.'" *State v. Sanchez*, 2025-Ohio-1256, ¶ 12 (8th Dist.), quoting *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. "The trial court is not required to recite verbatim the statutory language; however, we must be able to glean from the record that all of the findings required by R.C. 2929.14(C) were made by the trial court." *Id.*, quoting *id.* at ¶ 36-37. "Furthermore, a trial court is not required to state its reasons in support of its consecutive sentence findings." *Id.*, citing *State v. Johnson*, 2018-Ohio-3670, ¶ 49 (8th Dist.), citing *Bonnell* at ¶ 37.

{¶13} Here, the trial court imposed consecutive sentences stating at the sentencing hearing:

> I'm going to find specifically that consecutive sentences are necessary to protect the community, to punish this offender for these crimes, and would not be disproportionate in this case. Also, specifically finding that the harm is so great or unusual a single term does not adequately reflect the seriousness of the conduct and that your criminal history shows that consecutive terms are needed to protect the public. It is clear that the public needs to be protected by this separation from society in prison.

Tr. 47.

{¶14} The trial court also noted that Mendenhall is a repeat offender, stating:

> This is your second sex offense. You are a registered sex offender from a juvenile delinquency and you're a very smart person. Whatever else

is going on with you, you're very intelligent and these are all the recipes for future victims which have tremendous effect through the entire community, this family, the City of Fairview Park, everybody who worked at McDonald's. And it's a serious matter, just doesn't go away. You're aware of that as well.

Tr. 46.

**{¶15}** Additionally, the trial court indicated that it had read the psychiatric clinic report and medical reports from various clinics and agencies. Tr. 44-45. In reviewing the facts of this case, the record demonstrates that when the relationship between Mendenhall and the victim was first discovered by her parents, Mendenhall was ordered to stop the relationship, but he did not listen. He continued to send nude pictures of himself to her and pressured her into sending nude images of herself to him. Tr. 39.

**{¶16}** Additionally, at the sentencing hearing, Mendenhall took responsibility for his actions stating, "I know I have done a lot of wrong and I know I have hurt, harmed, lied, manipulated, been narcissistic to her and her family. I realize this also makes me a bad person. It makes me be a bad person. I also realize drugs have had a control of me since I was 12 and 18 years old." Tr. 37.

**{¶17}** The record reflects that the trial court did in fact consider Mendenhall's entire history, including medical and criminal. The record also reflects that the trial court fully complied with R.C. 2929.14(C)(4).

**{¶18}** Therefore, Mendenhall's first assignment of error is overruled.

**{¶19}** In Mendenhall's second assignment of error, he argues that the trial court did not provide the advisements required by R.C. 2929.19(B)(2)(c) during the sentencing hearing. R.C. 2929.19(B)(2)(c) states:

> If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:
>
> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;
>
> (iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;
>
> (v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

**{¶20}** The State concedes that the trial court did not give the proper advisements under R.C. 2929.19(B)(2)(c). At the sentencing hearing, the trial court stated, "Due to this being a sex offense, there is no rebuttable presumption of early release in this matter." Tr. 50. "A trial court is not required to use the precise wording of the statute but must convey the information required by these notice provisions." *State v. Bradley*, 2022-Ohio-2954, ¶ 13 (8th Dist.). "When trial courts have failed to provide the notifications required by R.C. 2929.19(B)(2)(c), this court has remanded cases for the limited purpose of providing the required notifications." *Id.*, citing *State v. Gates*, 2022-Ohio-1666, ¶ 25 (8th Dist.); and *State v. Guzman*, 2022-Ohio-2414, ¶ 10 (8th Dist.).

**{¶21}** Mendenhall's second assignment of error is sustained.

**{¶22}** Judgment affirmed and case remanded for the limited purpose of providing the required notifications pursuant to R.C. 2929.19(B)(2)(c).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and

MARY J. BOYLE, J., CONCUR